UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMERICAN FAMILY CONNECT<br>PROPERTY CASUALTY INSURANCE<br>COMPANY,<br><br>                    Defendant. | No.  2:25-cv-3134-DAD-CKD (PS)<br><br><br>ORDER |

Plaintiff Kamlesh Banga proceeds pro se in this diversity jurisdiction action bringing claims arising out of a dispute concerning a homeowners insurance coverage policy. In the motion presently before the court, plaintiff moves to strike affirmative defenses in the answer filed by defendant, American Family Connect Property Casualty Insurance Company. For the reasons set forth below, the motion is granted in part and denied in part.

**I.      Background**

Plaintiff initiated this action on October 29, 2025, bringing claims for breach of contract, insurance bad faith, financial elder abuse, unfair claims practices, fraud, and other state-law claims related to defendant's handling of a 2023 burst pipe claim. (ECF No. 1.) Defendant filed an answer on November 26, 2025. (ECF No. 5.)

////

1

Plaintiff filed the motion presently before the court on December 15, 2025 (ECF No. 11), seeking to strike affirmative defenses in defendant's answer. Defendant opposed the motion and plaintiff filed a reply. (ECF Nos. 18, 19.) The court ordered the motion submitted without oral argument pursuant to Local Rule 230(g). (ECF No. 20.)

**II.     Applicable Legal Standards**

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

Because of the limited importance of pleading in federal practice, courts sometimes require a showing of prejudice by the moving party before granting the requested relief. See California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); Guerrero v. Halliburton Energy Servs., Inc., 231 F. Supp. 3d 797, 802 (E.D. Cal. 2017) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."). In exercising discretion whether to grant a motion to strike, the court views the pleadings in the light most favorable to the non-moving party and resolves any doubt as to the sufficiency of a defense in defendant's favor, particularly if the moving party can demonstrate no prejudice. California Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1033.

**III.    Discussion**

Defendant's answer to the complaint pleaded 42 affirmative defenses. Plaintiff moves to strike the defenses on the following grounds:

> [the defenses] (1) are not affirmative defenses but bare denials or legal sufficiency challenges; (2) lack factual allegations required by Ashcroft v. Iqbal, 556 U.S. 662 (2009); (3) fail to provide fair notice under Wyshak v. City National Bank, 607 F.2d 824 (9th Cir. 1979); (4) are duplicative; (5) contradict Defendant's own admissions and conduct; and (6) assert frivolous constitutional challenges to established law.

(ECF No. 11 at 2.)

2

Rule 8(c) governs the pleading of affirmative defenses and requires a responding party to "affirmatively state" its affirmative defenses. Fed. R. Civ. P. 8(c). Defendant must give "fair notice" of the affirmative defense pled. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam); see also Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015). Based on the Ninth Circuit's decision in Kohler, this court "applies the 'fair notice' standard, and not the heightened pleading standard announced in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)] and [Ashcroft v. Iqbal, 556 U.S. 662 (2009)], when evaluating motions to strike affirmative defenses." Tornincasa v. Liberty Life Assurance Co. of Bos., No. 2:19-CV-02002-MCE-KJN, 2020 WL 2556905, at *1 (E.D. Cal. May 20, 2020).[1]

A defense that points out a defect in a plaintiff's prima facie case, or "merely negates an element" is not an affirmative defense. Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).[2] However, because it is difficult to find prejudice in the mislabeling of such a matter, courts are split on whether such defenses should be stricken. See, e.g. G & G Closed Cir. Events LLC v. Almeda, No. CV-18-00672-PHX-ESW, 2018 WL 4539974, at *2 (D. Ariz. Sept. 21, 2018) (agreeing with Wright & Miller and other district court cases holding that denials improperly pled as affirmative defenses should not be stricken for that reason alone).

Significantly, here, except as to any affirmative defense pleaded in a manner that fails to give fair notice, plaintiff has not established prejudice will result from not striking affirmative

---

[1] Plaintiff states Kohler requires a defendant to plead "sufficient factual matter to make the defense plausible." (ECF No. 11-1 at 3.) The court does not agree. See Kohler, 779 F.3d at 1019 ("the 'fair notice' required by the pleading standards only requires describing the defense in "general terms").

[2] Plaintiff argues "[Zivkovic] held that 'failure to state a claim is not an affirmative defense. It should have been raised by a motion under Rule 12(b)(6).'" (ECF No. 11-1 at 4; ECF No. 19 at 13.) The language quoted by plaintiff does not appear in Zivkovic. This is not the only inaccuracy with plaintiff's use of quotation marks in the briefing for this motion. (See ECF No. 11-1 at 3: quotations from Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979), Rosales v. Citibank Fed. Sav. Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); and Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).) Plaintiff is instructed and cautioned to only use quotation marks around a sentence followed by a case citation if that sentence is found in the case. Even a pro se litigant has an obligation to confirm that arguments and case law submitted to the court are supported by existing law. See Pop Top Corp. v. Rakuten Kobo Inc., No. 20-CV-04482-YGR (DMR), 2025 WL 2098597, at *3 (N.D. Cal. July 25, 2025).

3

defenses challenged as denials or otherwise technically improper. The type of prejudice that is sufficient to support the granting of a motion to strike is "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial[.]" Guerrero, Inc., 231 F. Supp. 3d at 802.

Plaintiff argues she must now propound discovery on and prepare trial against forty-two defenses. However, permitting technically improper affirmative defenses to stand does not impose similar burdens on the opposing litigant as does permitting a plaintiff to proceed on a conclusory or factually deficient complaint. See Facebook, Inc. v. ConnectU LLC, No. C 07-01389 RS, 2007 WL 2349324, at *1 (N.D. Cal. Aug. 14, 2007). "In few instances, if any, will such pleadings render subject matter discoverable that is not already implicated by the allegations of the complaint." Id. In the present case, the court finds "little harm" in having defendant's positions on the matters at issue remain in the pleadings. Perez v. Nuzon Corp., No. SACV-16-00363-CJCKESX, 2016 WL 11002544, at *3 (C.D. Cal. June 6, 2016).

In addition, plaintiff offers a fact-based rebuttal in arguing affirmative defenses contradict defendant's admissions and conduct. To show that a defense is "insufficient," the moving party must demonstrate there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. California Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1032. A motion to strike is not the appropriate vehicle for arguing the substantive merits of an affirmative defense. Xu v. City of Los Angeles, No. 2:23-cv-01575-FLA (SP), 2023 WL 8143542, at *2 (C.D. Cal. Oct. 18, 2023) ("courts do not strike affirmative defenses simply because they will fail"). Assessment of the sufficiency of defenses which give fair notice is better left for adjudication on the merits. See California Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1033.

To the extent plaintiff asserts various affirmative defenses are duplicative, finding no prejudice, the court declines to micro-manage the pleadings on that basis. With all these considerations in mind, the court focuses on whether the affirmative defenses give fair notice.

**Affirmative Defenses 3, 4, 5, 10, 12, 13, 16, and 32**

Plaintiff argues affirmative defenses 3, 4, 5, 10, 12, 13, 16, and 32, specifically, contain

4

insufficient factual allegations to satisfy federal pleading standards. (ECF No. 11-1 at 24; ECF No. 19 at 11.)

Affirmative defense 3, regarding failure to mitigate damages, is adequately pleaded. "A generalized statement… gives fair notice of an affirmative defense based on an allegation that plaintiff did not mitigate her damages." Mollica v. Cnty. of Sacramento, No. 2:19-CV-02017-KJM-DB, 2021 WL 2853863, at *6 (E.D. Cal. July 8, 2021). "[T]he failure to mitigate defense is sufficiently pleaded without additional facts." L.F. by & through Brown v. City of Stockton, No. 2:17-CV-01648-KJM-DB, 2018 WL 3817558, at *4 (E.D. Cal. Aug. 10, 2018); see also Snap! Mobile, Inc. v. Croghan, No. 18-CV-04686-LHK, 2019 WL 884177, at *5 (N.D. Cal. Feb. 22, 2019).

Affirmative defense 4, asserting waiver/estoppel, requires a factual basis or, at a minimum, pleading of "all of the elements of equitable estoppel[.]" Allen v. A.H. Robbins Co., Inc., 752 F.2d 1365, 1371 n. 3 (9th Cir.1985); see Mattox v. Watson, No. CV 07-5006-RGK RZX, 2007 WL 4200213, at *5 (C.D. Cal. Nov. 15, 2007) (noting courts have stricken the affirmative defense of estoppel where the defendant has not provided any factual basis). Finding a lack of fair notice, the court strikes this defense with leave to amend.

Affirmative defense 5, asserting lack of causation, is a denial. Plaintiff does not demonstrate any prejudice. Causation is already at issue in the case, and "pleading a causation defense at least provides… notice of arguments to be made at trial." In re Fremont Gen. Corp. Litig., No. 2:07-CV-02693-JHN-FFM-X, 2010 WL 11506879, at *5 (C.D. Cal. Feb. 25, 2010). The court declines to strike the defense. See id.; Sanchez v. Experian Info. Sols., Inc., No. EDCV15-2450-JGBSPX, 2016 WL 11746262, at *3 (C.D. Cal. Oct. 27, 2016).

Affirmative defense 10 asserts offset of damages to the extent plaintiff has already received payment from others. This defense gives adequate notice and is sufficiently pleaded. See Jacobson v. Persolve, LLC, No. 14-CV-00735-LHK, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014); Snap! Mobile, Inc., 2019 WL 884177, at *6.

Affirmative defense 12 asserts the alleged damages are not payable under the terms of the policy, and affirmative defense 16 asserts plaintiff's breach of obligations under the Policy. These

defenses do not give fair notice as pleaded. See SecuriMetrics, Inc. v. Hartford Cas. Ins. Co., No. C 05-00917 CW, 2005 WL 2463749, at *6 (N.D. Cal. Oct. 4, 2005) (rejecting "catch-all" affirmative defenses regarding policy provisions, policy exclusions, and plaintiff's breach of duties where there was no attempt to identify any particular provision, exclusion, or alleged breach of duty). The court strikes these defenses with leave to amend.

Affirmative Defense 13, statute of limitations, is adequately pleaded with four listed statutes. The court rejects the contention that defendant must plead facts addressing accrual, which statute applies to each claim, when each statute expired, and why each claim is time-barred. See Wyshak, 607 F.2d at 827 (finding limitations defense adequate where the statute was cited in a brief filed in advance of the answer).

Affirmative defense 32 asserts California's litigation privilege codified in California Civil Code section 47. By asserting privilege and identifying the statutory scheme through which the privilege flows, defendant has complied with the fair notice requirement for the affirmative defense. See Ward v. Morrow Cnty. Health Dist., No. 2:25-CV-00734-HL, 2025 WL 3206744, at *3 (D. Or. Oct. 28, 2025), report and recommendation adopted, No. 2:25-CV-734-HL, 2025 WL 3206333 (D. Or. Nov. 17, 2025) (declining to strike affirmative defense invoking "all the defenses, immunities, privileges and limitations" contained in state statutory scheme).

**Affirmative Defense 14**

In addition, affirmative defense 14, pleading unreasonable delay/laches, fails to give fair notice. See Reiffer v. HGM Holdings LLC, No. 1:18-cv-1058-LJO-BAM, 2019 WL 283706, at *3 (E.D. Cal. Jan. 22, 2019) (laches, stated in conclusory terms without supporting facts, does not give fair notice); Saunders v. Fast Auto Loans, Inc., No. 2:15-cv-2624 WBS CKD, 2016 WL 1627035, at *6 (E.D. Cal. Apr. 25, 2016) (same). The court strikes this defense with leave to amend.

**Affirmative Defenses 33, 34, 35, 36, 37, 38, and 41**

Plaintiff argues these affirmative defenses all claim she cannot recover because policy terms bar coverage and argues they are duplicative of affirmative defense 12. The court declines to strike based on the challenge as duplicative. However, affirmative defenses 35, 37, 38, and

6

41—asserting no coverage, excluded causes of loss, conditions not met, and policy provisions and limitations—fail to give fair notice because they are additional "catch-all" affirmative defenses regarding the policy itself with no attempt to identify any particular provision or exclusion. See SecuriMetrics, Inc., 2005 WL 2463749, at *6. The court strikes affirmative defenses 35, 37, 38, and 41 with leave to amend. On the other hand, affirmative defenses, 33, 34, and 36, asserting extra-contractual damages barred, burden of proof, and no covered cause of loss, are denials which the court declines to strike. There is no prejudice resulting from having defendant's positions on these matters remain in the answer.

**Affirmative Defenses 1, 20, and 28**

These defenses challenge the legal sufficiency of plaintiff's case. There is a split of authority over whether failure to state a claim should be stricken when asserted as an affirmative defense. See, e.g., Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp.2d 925, 945 (N.D. Cal. 2012) (noting split of authority and declining to strike). Finding no prejudice to plaintiff, the court declines to strike these affirmative defenses challenging the legal sufficiency of plaintiff's case.

**Affirmative Defenses 2, 6, 11, 17, 18, and 27**

Plaintiff argues these defenses are denials improperly pleaded as affirmative defenses. In the absence of prejudice, and finding the defenses are not irrelevant and give some notice of arguments to be made at trial or otherwise in this case, the court declines to strike. See Mitchell v. Cnty. of Monterey, No. C 08-01166 JW, 2008 WL 11388415, at *5 (N.D. Cal. Dec. 17, 2008) (declining to strike affirmative defenses of good faith belief and reliance); Perez, 2016 WL 11002544, at *3 (declining to strike defense that defendants acted in good faith where the plaintiff did not explain how striking the defense would streamline issues for trial).

**Affirmative Defenses 7, 8, 9, 19, 26, 39, and 40**

These affirmative defenses, pleading comparative fault/misrepresentation, causes beyond defendant's control, superseding causes, forfeiture/failure to cooperate, lack of proximate cause, intervening acts, and apportionment, are also denials. The court declines to strike. See Sanchez, Inc., 2016 WL 11746262, at *3 (declining to strike multiple affirmative defenses challenging causation); Spencer v. Lopez, No. 1:20-CV-01203-JLT-BAK-SKO-P, 2022 WL 3335626, at *2

(E.D. Cal. Aug. 12, 2022) (declining to strike defenses that plead, at least in general terms, conduct defendant contends contributed to the plaintiff's injuries or damages").

**Affirmative Defense 15**

Affirmative defense 15, asserting comparative fault/contributory negligence, is devoid of any facts regarding plaintiff's contributory negligence. This defense requires something more to give plaintiff fair notice. See Spencer, 2022 WL 3335626, at *2. The court strikes this defense with leave to amend.

**Affirmative Defenses 29, 30, and 31**

These affirmative defenses are denials addressing statutory elements of plaintiff's elder abuse claim. Plaintiff seeks to strike them as duplicative. Finding they are denials which give notice of arguments defendant intends to make, and finding no prejudice to plaintiff if they remain, the court declines to strike.

**Affirmative Defenses 21, 22, 23, 24, and 25**

These affirmative defenses assert various constitutional challenges to an award of extra-contractual and/or punitive damages. Plaintiff argues they fail as a matter of law. The court finds these defenses present "unresolved legal argument[s], the determination of which is improper in a motion to strike." Najarian v. Avis Rent a Car Sys. LLC, No. CV 07-588-RGK (EX), 2007 WL 10130090, at *3 (C.D. Cal. May 8, 2007); see also Briese v. Amerigas, Inc., No. CV 08-63-BU-RFC-JCL, 2009 WL 4929218, at *8 (D. Mont. Dec. 21, 2009).

**Affirmative Defense 42**

The court will strike affirmative defense 42 asserting a reservation of rights to assert more affirmative defenses. The right to assert additional defenses is not a proper affirmative defense, see Sanchez, 2016 WL 11746262, at *4; Snap! Mobile, Inc., 2019 WL 884177, at *11, and it offers nothing about defendant's position regarding plaintiff's claims.

## IV.    Conclusion and Order

For the reasons set forth above, IT IS ORDERED as follows:

1.  Plaintiff's motion to strike affirmative defenses (ECF No. 11) is GRANTED in part to the extent that the court strikes affirmative defense 42 and strikes with leave to amend

affirmative defenses 4, 12, 14, 15, 16, 35, 37, 38, and 41 in the answer filed on November 26, 2025.

2.  Defendant shall file any amended answer within 14 days of the date of this order.

Dated:  January 22, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 bang25cv3134.11

9