UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

Plaintiff,

v.

AMERICAN FAMILY CONNECT
PROPERTY CASUALTY INSURANCE
COMPANY,

Defendant.

No.  2:25-cv-3134-DAD-CKD (PS)

ORDER

Plaintiff Kamlesh Banga proceeds pro se in this diversity jurisdiction action bringing claims arising out of a dispute concerning a homeowners insurance coverage policy. In fully briefed motions presently before the court, plaintiff moves to strike an affirmative defense in defendant's first amended answer and defendant moves for leave to file a second amended answer adding a missing paragraph number and deleting affirmative defense 42. (ECF Nos. 28, 39.) For the reasons set forth below, defendant's motion for leave to amend is granted and plaintiff's motion to strike is denied as moot.

**I.      Background**

Plaintiff initiated this action on October 29, 2025, bringing claims for breach of contract, insurance bad faith, financial elder abuse, unfair claims practices, fraud, and other state-law claims related to defendant's handling of a 2023 burst pipe claim. (ECF No. 1.) Defendant filed

1

the original answer on November 26, 2025. (ECF No. 5.) Plaintiff filed a motion to strike directed to defendant's original answer and the undersigned granted in part the motion to strike on January 23, 2026. (ECF Nos. 11, 21.) Defendant filed a first amended answer on February 5, 2026. (ECF No. 24.)

Plaintiff filed the motion to strike presently before the court on February 18, 2026. seeking to strike defendant's affirmative defense 42 from the amended answer. (ECF No. 28.) Defendant filed an opposition to the motion. (ECF No. 38.) On March 10, 2026, defendant filed the motion seeking leave to file a second amended answer. (ECF No. 39.) The court ordered both motions submitted without oral argument pursuant to Local Rule 230(g) and ordered that briefing be filed pursuant to Local Rule 230. (ECF No. 40.) Plaintiff filed a declaration in reply to defendant's opposition to the motion to strike. (ECF No. 41.) Plaintiff has not filed a written opposition or statement of non-opposition to the motion for leave to file a second amended answer and the time to do so under Local Rule 230 has expired.[1]

**II.    Discussion**

When a party may not amend as a matter of course, that party "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. Id. Absent prejudice or a strong showing of another factor weighing against granting leave to amend, there exists a presumption in favor of granting leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Foman v. Davis, 371 U.S. 178, 182 (1962).

The court finds no prejudice will arise to plaintiff from granting defendant leave to file the second amended answer. The parties have not yet submitted a joint report with their proposed discovery plan and this court has not issued a scheduling order. Defendant brought the present motion for leave to amend to address issues raised by plaintiff with the first amended answer, specifically a missing paragraph number and the inclusion of the affirmative defense 42. (See ECF Nos. 39, 39-1.) There is no indication the motion for leave to amend is brought for undue

---

[1] Another motion by plaintiff, a motion for sanctions (ECF No. 22), is also fully briefed and ordered submitted. The motion for sanctions will be resolved by a separate order.

delay or any bad faith purpose. Considering all these factors, the court grants the motion for leave to file the second amended answer.

**III.   Order**

For the reasons set forth above, IT IS ORDERED as follows:

1.  Defendant's motion for leave to file the second amended answer (ECF No. 39) is GRANTED.

2.  In light of the order above, plaintiff's motion to strike directed to the first amended answer (ECF No. 28) is DENIED as moot.

3.  Defendant shall file the second amended answer within 7 days of the date of this order.

4.  The deadline to conduct the Rule 26 meet and confer conference is 14 days from the date of this order; the parties' Joint Status Report is due within 7 days after the Rule 26 meet and confer conference.

Dated:  April 2, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 bang25cv3134.28.29

3