UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

        Plaintiff,

    v.

AMERICAN FAMILY CONNECT
PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant.

No.  2:25-cv-3134-DAD-CKD (PS)

ORDER

Plaintiff Kamlesh Banga proceeds without counsel in this diversity jurisdiction action bringing claims arising out of a dispute concerning a homeowners insurance coverage policy. In the motion presently before the court, plaintiff seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure, arguing defense counsel improperly directed a non-attorney to practice law and requesting the court to strike ECF No. 13 which was a declaration by a non-attorney in opposition to plaintiff's ex parte application for an order extending time. (ECF No. 22.) Defendant opposed the motions for sanctions and requested that plaintiff be sanctioned for bringing the present motion. (ECF No. 26.) Plaintiff filed a reply. (ECF No. 27.)

Rule 11 of the Federal Rules of Civil Procedure provides for sanctions where a party has advanced an argument in any signed paper before the court that is (1) presented for "any improper purpose," or (2) not warranted by existing law or "by a nonfrivolous argument" to change,

1

modify, or reverse existing law. Fed. R. Civ. P. 11. Rule 11 also applies to pro se plaintiffs. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Imposing sanctions under Rule 11 is "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Company, 859 F.2d 1336, 1345 (9th Cir. 1988).

Rule 11(c)(2) requires service of a motion brought under Rule 11(b) be made 21 days prior to filing. Here, plaintiff complied with Rule 11's safe harbor provision and defendant did not withdraw the declaration.

Having considered the issues raised by plaintiff's motion, the undersigned finds no sanctions are justified. "The central purpose of Rule 11 is to deter baseless filings." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir. 1992) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 394 (1990)). Plaintiff fails to demonstrate defendant or defendant's counsel made any frivolous arguments or asserted any arguments for an improper purpose within the meaning of Rule 11. The declaration signed by Ms. Alsterlind, a non-attorney, has no precedential value, contrary to plaintiff's arguments that allowing it to stand on the docket will create improper precedent.

Plaintiff also argues defendant should be sanctioned for serving a premature discovery request. Defendant responds that the request was sent in error and was withdrawn when requested. The court agrees with defendant that a premature discovery request is not sanctionable conduct under Rule 11. Subjective bad faith is not established. No sanctions are warranted.

In accordance with the above, IT IS ORDERED that plaintiff's motion for sanctions (ECF No. 22) is DENIED and defendant's request for sanctions in opposition to plaintiff's motion (ECF No. 26) is also denied.

Dated:  April 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 bang26cv3134.san

2